No. 16,470.

PEOPLE EX REL. MILLER *v.* CAVENDER.
(226 P. [2d] 562)

Decided December 26, 1950.

Mr. Victor A. Miller, for plaintiff in error.

Mr. Lawrence M. Henry, Mr. J. Glenn Donaldson, Mr. Abe L. Hoffman, for defendant in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

This is an action in the nature of quo warranto, wherein the relator, as a resident taxpayer and elector of Denver, challenges the right of defendant in error Cavender to hold office as a member of the board of councilmen of said city and county, on the ground that he "held other public office or employment, to-wit, status as an official member of the Area Rent Advisory Board, a public agency of the United States, pursuant to the Housing and Rent Act of 1949 of the United States of America, the said office or employment being repugnant to the said office of membership in the Council of the said City and County of Denver." Cavender by answer interposed seven defenses. After numerous motions the case came on for hearing and, so far as appears from the record, without the introduction of any evidence by either side the case was argued by counsel and judgment entered in favor of Cavender.

The action is based on section 209A of the charter of the City and County of Denver, the pertinent part of which provides with reference to the Council that: "No member shall hold any other public office or employment."

The substance of the action is of course dependent on the nature of the federal position subsequently accepted by Cavender and the duties required therein, and the nature and duties of the position depend on the

federal statute or statutes creating it. Yet, notwithstanding this obvious fact, such statute is nowhere quoted or cited or summarized or analyzed or indexed in the abstract of record or in relator's brief, although our rule concerning briefs, Rule 115(6) R.C.P. Colo., requires that, "When any other than a Colorado statute is cited so much thereof as may be necessary to the decision shall be printed in full either in the body of the argument or in an appendix." In addition to that in the allegation in the complaint hereinabove noted, the only attempted identification of the act under which Cavender is charged with accepting appointment with duties repugnant to his office as member of the council is the statement in relator's brief that, "Thereafter the Defendant accepted additional appointment and entered upon official status, activity, and occupation, however called, as a regular member of the Area Rent Advisory Board, a sovereign agency of the United States, created by authority of the Housing and Rent Acts of 1947 and subsequent years."

Again, said Rule 115 provides that the brief shall contain "A concise statement of the case containing all that is material to the consideration of the questions presented," and that the argument shall exhibit "clearly the points of fact and law being presented." It is argued negatively in the brief that the federal position held by Cavender is not prevented from being a public office or employment by the fact that it provides for no monetary compensation, or by the fact that its tenure is dependent on the nonexercise of local authority to terminate the office, or by the fact that it endures only during an emergency, and it is further stated that the powers and functions of the board are more than advisory and that it is "the keystone of the congressional policy of decontrol," and exercises administrative or quasi-legislative powers, but in what respect it is more than advisory or as to what powers are possessed by the board, we are not advised. Nor are we advised as to the respects in

which its powers are repugnant to the office of councilman, as charged in the complaint.

■ Even though we may take judicial notice of federal statutes, we think we should not be zealous to search them through in an effort to seek out grounds of technical disability in order to remove from municipal office those who apparently are attempting, without compensation, to give service at the behest of federal authorities in a time of national emergency, where no repugnancy or divided allegiance is disclosed.

Numerous questions are raised in the argument, including the question of the repeal of Section 209A upon which this action is based, but we think it unnecessary to consider them here.

The judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD concurs in the result.